**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **PAXTON WILLIAMS,**<br>       Plaintiff,<br><br>v.<br><br>**JACOB HEDLUND,**<br>       Defendant. | Case No. 4:22-cv-00240-SBJ<br><br><br><br>**FINAL PRETRIAL<br>CONFERENCE ORDER** |

A final pretrial conference was held in this matter pursuant to Fed. R. Civ. P. 16 on September 25, 2024. The following counsel, who will try the case, appeared at the conference:

1. For the plaintiff:

Angela L. Campbell
Phil F. Jose
DICKEY & CAMPBELL LAW FIRM PLC
301 EAST WALNUT, SUTE 1
DES MOINES, IA 50309
515-288-5008
Fax: 515-288-5010
Email: angela@iowajustice.com
Email: phil@iowajustice.com

2. For the defendants:
Michelle Mackel-Wiederanders
ASSISTANT CITY ATTORNEY
Luke DeSmet
ASSISTANT CITY ATTORNEY
400 ROBERT D. RAY DRIVE
DES MOINES, IA 50309-1891
515-283-4537
515-283-4110
Fax: 515-237-1748
Email: mrmackel@dmgov.org
Email: lmdesmet@dmgov.org

**IT IS ORDERED:**

    **I.    The parties agree that the following facts are true and undisputed:**

A. Defendant Hedlund arrested Mr. Williams.
B. Defendant Hedlund admits he used some level of force to arrest Mr. Williams.

    **II.    Exhibits:**

    A. The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof or objection. Specifically, the parties agree that both plaintiff's and defendant's exhibits listed under this portion (Paragraph IIA) of the final pretrial order are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

        1. Plaintiff's exhibits:

6. Body camera footage from Jacob Hedlund, 16:42 in length
7. Arrest report
8. Supplemental Report by Jacob Hedlund
9. Use of Force Report portion by Jacob Hedlund
12. Audio Recording of Interview of Jacob Hedlund
19. Doctors on Demand Records
20. Demonstrative: Map of East Village, Des Moines, Iowa

        2.    Defendants' exhibits: In addition to Defendants reserving the right to use all of Plaintiff's listed exhibits, Defendants offer the following:

B. Egan BodyCam 06.01.2020 1159pm
F. Dispersal Orders.
I. Drake Law School Tweet 06.20.2020
J. Records of Central States Medicine
K. Records of Rock Valley Physical Therapy
N. Anthony DiCara Resume

    B. Parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

        1. Plaintiff's exhibits:

10. Criminal Complaint-802, Report is an out of court statement authored by an individual who is not a party to the case; 401, Report is not written by Defendant and therefore lacks relevance to Plaintiff's claim, further, report only remaining claims in case have to do with Defendant's use of force against Plaintiff and report does not describe force used, report will not help jurors decide questions at issue in case; 403, Any inaccuracies in report come from a non-party, and therefore admission of them in trial will be more prejudicial than probative.
11. Written Complaint by Paxton Williams-802, Complaint is an out of court statement being offered by the author rather than a party opponent, not appropriate for Plaintiff to offer this document to bolster his own statements.
13. Text messages Jacob Hedlund/Adam Herman-401, Trial claims address Defendant's use of force against Plaintiff and the text messages do not address the use of force, conspiracy type claims to which texts may have been relevant are no longer to be presented to jurors, Plaintiff's summary judgment arguments about the text messages on the malicious prosecution, conspiracy, and Monell claims addressed claims that are no longer part of the case (Dkt. 37-4, pp.11-15), argument about texts relating to intentional infliction of emotional distress claim appear to be related to later conduct and conspiracy rather than an allegation that the text messages show use of force was outrageous (Dkt. 37-4, p.14), Defendant's later comments about the case lack relevance to whether the force used was reasonable under the circumstances, nor is what Defendant thought of the arrest relevant to Plaintiff's damages; 403, Any marginal relevance of the text messages is outweighed by the prejudice of the coarse language in the texts to unfairly encourage jurors to decide the case based on passion or prejudice rather than the facts or law.
14. Text messages Jacob Hedlund/Paul Parizek-401, Trial claims address Defendant's use of force against Plaintiff and the text messages do not address the use of force, conspiracy type claims to which texts may have been relevant are no longer to be presented to jurors, Plaintiff's summary judgment arguments about the text messages on the malicious prosecution, conspiracy, and Monell claims addressed claims that are no longer part of the case (Dkt. 37-4, pp.11-15), argument about texts relating to intentional infliction of emotional distress claim appear to be related to later conduct and conspiracy rather than an allegation that the text messages show use of force was outrageous (Dkt. 37-4, p.14), Defendant's later comments about the case lack relevance to whether the force used was reasonable under the circumstances, nor is what Defendant thought of the arrest relevant to Plaintiff's damages; 403, Any marginal relevance of the text messages is outweighed by the prejudice of the coarse language in the texts to unfairly encourage jurors to decide the case based on passion or prejudice rather than the facts or law.
15. Text messages Jacob Hedlund/former City attorney-401, Trial claims address Defendant's use of force against Plaintiff and the text messages do not address the use of force, conspiracy type claims to which texts may have been relevant are no longer to be presented to jurors, Plaintiff's summary judgment arguments about the text messages on the malicious prosecution, conspiracy, and Monell claims addressed claims that are no longer part of the case (Dkt. 37-4, pp.11-15), argument about texts relating to intentional infliction of emotional distress claim appear to be related to later conduct and conspiracy rather than an allegation that the text messages show use of force was outrageous (Dkt. 37-4, p.14), Defendant's later comments about the case lack relevance to whether the force used was reasonable under the circumstances, nor is what Defendant thought of the

    arrest relevant to Plaintiff's damages; 403, Any marginal relevance of the text messages is outweighed by the prejudice of the coarse language in the texts to unfairly encourage jurors to decide the case based on passion or prejudice rather than the facts or law.
16. Hedlund training spreadsheet-401, As there is no longer a Monell claim pending, the extent of Defendant's training is not relevant; 407, to the extent Plaintiff intends to use after the fact training to suggest that Defendant was not properly trained before the arrest of Plaintiff, this would be evidence of a subsequent remedial measure that should be excluded.

    2. Defendants' exhibits:

D. Transcript of Dispatch Recordings 06.01.2020 1030pm.  Audio recording is best evidence.  FRE 1002.  Hearsay.  FRE 802.
E. Transcript of Dispatch Recordings 06.02.2020 1200am. Audio recording is best evidence.  FRE 1002.  Hearsay.  FRE 802.
G. Polk County, Iowa Curfew Order 05.31.2020.  Irrelevant.  FRE 402.
M. Anthony DiCara Report.  Includes hearsay, irrelevant information, and improper expert information.  FRE 802, 402, 702-705.

C. Parties want to introduce into evidence the following exhibits to which an opposing party will object on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes the exhibit is otherwise admissible.

    1. Plaintiff's exhibits:

1. Photo from Capitol-Foundation for this exhibit should be laid before it is presented to jurors. Otherwise, Defendant does not object to its admission.
2. Photo of Capitol-Foundation for this exhibit should be laid before it is presented to jurors. Otherwise, Defendant does not object to its admission.
3. Photo of speakers-Foundation for this exhibit should be laid before it is presented to jurors. Otherwise, Defendant does not object to its admission.
4. Photo of police line-Foundation for this exhibit should be laid before it is presented to jurors. Otherwise, Defendant does not object to its admission.
5. Video of march, 0:24 in length-Foundation for this exhibit should be laid before it is presented to jurors. Otherwise, Defendant does not object to its admission.
17. Roger Clark CV-Foundation for this exhibit should be laid before it is presented to jurors. Otherwise, Defendant does not object to its admission.
18. Des Moines Register Article 6/21/20-802, article is hearsay; 401, article does not address facts of this case and has no relevance to issues jurors must decide, mention of Plaintiff is only in passing; 608(a), evidence of Plaintiff being an "exceptional young scholar" would only be admissible if his credentials as a scholar were attacked.

    2. Defendants' exhibits:

A. Hedlund BodyCam 06.01.2020 1151pm.  Already Plaintiff's Exhibit 6.
C. Map of East Village.  Already Plaintiff's Exhibit 20.
L. Records of Doctors on Demand.  Already Plaintiff's Exhibit 19.

### III. Witnesses:

A. Plaintiff's witnesses:

1. Paxton Williams, 400 E Locust St, Unit 207Des Moines, IA 50309.  Mr. Williams will testify about the circumstances surrounding his arrest, his arrest, the force used against him during the arrest, his emotional distress during and after his arrest, and his damages.
2. Jacob Hedlund, 25 E 1st St., Des Moines, IA 50309.  It is anticipated Mr. Hedlund will testify about his training, his arrest of Mr. Williams, the force used during the arrest, his actions taken after the arrest related to Mr. Williams, and information relevant to punitive damages.
3. Paul Parizek, 25 E 1st St., Des Moines, IA 50309, Mr. Parizek will testify about Mr. Hedlund's statements to him, and his to Mr. Hedlund, via text message, after the arrest, and information relevant to punitive damages.
4. Adam Herman, 25 E 1st St., Des Moines, IA 50309.  It is anticipated Mr. Herman will testify about Mr. Hedlund's statements to him, and his to Mr. Hedlund, via text message, after the arrest, and information relevant to punitive damages.
5. Max Miller,  5651 Highland Court, West Des Moines, IA.  It is anticipated Mr. Miller will testify about the events leading up to Mr. Williams' arrest and his interactions with Mr. Williams and law enforcement on the evening of Mr. Williams' arrest.  He will also lay foundation for photographs.
6. Roger Clark, 10207 Molino Rd, Santee, CA 92071.  Mr. Clark will testify as an expert witness and his opinions related to reasonable force used in arrests.

B. Defendants' witnesses:

1. Paxton Williams, 400 E Locust St, Unit 207, Des Moines, IA 50309], It is anticipated Mr. Williams will testify regarding the events of his arrest, the force used, and the damages he has suffered.
2. Jacob Hedlund, 25 E 1st St., Des Moines, IA 50309, It is anticipated Mr. Hedlund will testify regarding his arrest of Mr. Williams, the force used, and his reasons for both.
3. Max Miller, [address], It is anticipated Mr. Miller will testify about his interactions with Mr. Willaims the evening of June 1, 2020 and the events he experienced while the two were near each other.

4. Dana Wingert, 25 E 1st St., Des Moines, IA 50309, It is anticipated Mr. Wingert will testify to the challenges faced by the Des Moines Police Department in responding to civil unrest that occurred on June 1, 2020 and the nights leading up to it.
5. Jeff Robinson, 25 E 1st St., Des Moines, IA 50309, It is anticipated Mr. Robinson will testify about the process the Des Moines Police Department uses to investigate complaints against officers.
6. Anthony DiCara, 1228 Bayside Rd., Baltimore, MD 21221, It is anticipated that Mr. DiCara will express opinions about Mr. Hedlund's use of force and whether it was consistent with nationwide police practices in responding to civil unrest.
7. Witnesses as needed to lay foundation for exhibits

C.  A party listing a witness guarantees his/her presence at trial unless the Court and opposing counsel are notified to the contrary at least seven (7) days prior to trial. All parties are free to call any witness listed by the opposing party whether they have listed them or not.

D.  A witness testifying by deposition must be listed with a designation that the testimony will be by deposition.

## IV.   Factual issues

A. Plaintiff's factual issues:

1. Plaintiff's actions did not warrant the use of force in his arrest.
2. Plaintiff did not resist arrest or flee.
3. Defendant's use of force was excessive and unreasonable.
4. Defendant caused Plaintiff's damages.
5. Defendant's intent related to the tort claims, including his conduct after Plaintiff's arrest demonstrating his intent.
6. Plaintiff's arrest was not a response to an emergency.
7. Defendant did not reasonably believe the force used to be necessary to effect the arrest of Plaintiff or to defend any person from bodily harm while making the arrest.
8. Defendant's conduct, including conduct after Plaintiff's arrest warrants punitive damages.

B. Defendants' factual issues:

1. Whether Plaintiff resisted arrest.
2. Defendant's intent for tort claims.
3. Plaintiff's allegations of damages, factual basis for damages.
4. Defendant's actions in response to emergency situation on June 1, 2020.
5. The need for different arrest tactics during civil unrest, expertise in responding to these types of events.

### V.     Legal contentions

A. Plaintiff's legal contentions:

1. The force used against Plaintiff was constitutionally excessive.
2. Defendant's actions directed towards Plaintiff was an intentional infliction of emotional distress.
3. Defendant's use of force against Plaintiff was a battery.
4. The force used was not reasonably necessary to effect the arrest of Plaintiff or defend any person from bodily harm while making the arrest.
5. Defendant's actions warrant punitive damages.

B. Defendants' legal contentions:

1. The force used against Plaintiff was constitutionally reasonable, defeating the 4th Am. seizure/force claim and the tort of battery.
2. Defendant's actions were not outrageous and were not malicious or recklessly indifferent to Plaintiff's constitutional rights, therefore, damages, including punitive damages are not warranted.
3. Defendant was not malicious or recklessly indifferent to Plaintiff's common law rights, therefore, damages, including punitive damages are not warranted.

### VI.    Legal Issues:

A. Plaintiff's legal issues:

1. Plaintiff will be arguing at the close of evidence that the facts do not support the defense of Emergency Response immunity as raised by Defendant.
2. Plaintiff also filed a motion in limine that raises legal issues that may arise during trial.
3. The recently decided cases from the 8th Circuit, 23-2220, 23-2268, 23-2304 (decided September 5, 2024) also raise legal issues with may impact the issues presented in this case.

B. Defendant's legal issues:

1. Defendant has no legal issues other than those articulated herein and in the motion in limine and resistances to plaintiff's limine motion.

Respectfully submitted,

By: /s/ Angela L. Campbell
Angela L. Campbell AT0009086
DICKEY, CAMPBELL & SAHAG LAW FIRM, PLC
301 E. Walnut St., Suite 1
Des Moines, IA 50309
Telephone: (515) 288-5008
Facsimile: (515) 288-5010
Email: angela@iowajustice.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Michelle R. Mackel-Wiederanders*
Michelle R. Mackel-Wiederanders AT0004790
Assistant City Attorney
City Hall, 400 Robert D. Ray Dr.
Des Moines, IA  50309-1891
Telephone:  (515) 283-4537
E-mail:  MRMackel@dmgov.org


*/s/ Luke DeSmet*
Luke DeSmet AT0010219
Assistant City Attorney
City Hall, 400 Robert D. Ray Dr.
Des Moines, IA  50309-1891
Telephone:  (515) 283-4110
E-mail:  LMDesmet@dmgov.org
<u>ATTORNEYS FOR DEFENDANTS</u>


IT IS SO ORDERED.

DATED September 26, 2024.

_____
Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge