## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | | |
|---|---|---|
| PAXTON WILLIAMS, | * | CIVIL NO. 4:22-cv-00240-SBJ |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | **ORDER ON MOTIONS IN LIMINE** |
| JACOB HEDLUND, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## I. INTRODUCTION

This case arose from protest activities and civil unrest in downtown Des Moines, Iowa in late May and early June 2020 in the aftermath of the death of George Floyd in Minneapolis, Minnesota. Paxton Williams asserts police officer Jacob Hedlund used excessive force while arresting Williams, intentionally inflicted emotional distress, and committed assault and battery. Hedlund asserts the force he used during the arrest was reasonable and lawful. A trial is set to begin October 21, 2024, which will be bifurcated to have liability and compensatory damages determined by the jury prior to presentation of evidence related to punitive damages.

Now before the Court are motions in limine filed by both parties requesting pretrial determinations on admissibility of evidence related to numerous matters. The term "*in limine*" is defined as "[o]n or at the threshold; at the very beginning; preliminarily" and is utilized "in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2. (1984) (quoting Black's Law Dictionary 708 (5th ed. 1979)). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Id.* at 41 n. 4. On the other hand,

a pretrial, blanket advisory opinion on unspecified and underdeveloped evidentiary matters is not proper nor prudent. *See Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (federal courts "do not render advisory opinions"); *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) (federal courts do not have "power to render advisory opinions"); *United States v. Burkhead*, 646 F.2d 1283, 1286 (8th Cir. 1981) ("The general rule permitting the district judge to delay evidentiary rulings is designed to prevent unnecessary and unwarranted advisory opinions."). "Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000) (citing *Luce*, 469 U.S. at 41).

"To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). Relevant evidence is admissible unless otherwise excluded by law or rule; irrelevant evidence is not admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

With those principles and rules, the Court turns to the pending motions in limine filed in this case.

## II. PENDING MOTIONS IN LIMINE

### A. Plaintiff's Motion In Limine (Dkt. 75)

Plaintiff Paxton Williams requests an order excluding the following matters from presentation at trial: (1) vandalism by other individuals; (2) acts of violence by other individuals;

and (3) the effect of a judgment on taxpayers. Williams contends such evidence should be excluded under Rules 402 and 403 because it is irrelevant, more prejudicial than probative, and would confuse the jury. Williams does not specify the vandalism or acts of violence which are at issue. Nor does Williams support the motion with a brief as required by Local Rule 7(d) or an evidentiary record.

In response, defendant Jacob Hedlund contends vandalism and acts of violence by others are relevant. Dkt. 89. Hedlund also fails to specify the vandalism or acts of violence which are at issue. Nor does Hedlund support the resistance with a brief or evidentiary record. Instead, Hedlund broadly asserts:

> At issue in this trial is whether Officer Hedlund's use of force against Mr. Williams was reasonable. Consideration of this issue involves consideration of the circumstances in which the arrest and use of force occurred and what Officer Hedlund knew. The circumstances involved this being the fourth consecutive night of civil unrest including substantial violence, vandalism, and property destruction. There was a pattern to these nights of small groups reforming into larger groups and engaging in unlawful conduct. The events that occurred and which Officer Hedlund was aware of are relevant to whether a reasonable officer would have used the same amount of force and that the circumstances were tense, uncertain, and rapidly changing. As such, that vandalism [and acts of violence] occurred the night Mr. Williams was arrested and on previous nights is relevant for jurors to consider.

*Id.* p. 1. Williams did not file a reply.

Given the broad and underdeveloped assertions of the parties, a definitive determination as to the admissibility of unspecified evidence related to vandalism and acts of violence by other individuals at this pretrial stage would be an inappropriate and unwarranted premature advisory opinion. In the words of the Eighth Circuit, it is "unwise to decide whether to admit evidence before it is actually presented." *Burkhead*, 646 F.2d at 1286. Plaintiff's Motion in Limine is therefore denied as to topic numbers 1 and 2 without prejudice to the assertion of objections under applicable rules as to specific evidence actually proffered during trial.

As to the remaining topic, Hedlund does not object to Williams' request to exclude

evidence as to the effect of a judgment on taxpayers. Dkt. 89 p. 2. Consequently, Plaintiff's Motion in Limine is granted as to topic number 3. The parties, and their counsel, representatives, and witnesses, shall not present evidence of or make any reference to the effect of a judgment on taxpayers while in the presence of the jury, either during jury selection or trial.

**B. Defendant's Motion In Limine (Dkt. 77)**

Defendant Jacob Hedlund requests an order excluding evidence from presentation at trial under the following entitled topics:

1. Officers text messages about Mr. Williams

2. Argument or opinion that there was no basis for Mr. Williams' arrest

3. Settlement Offers

4. Medical Documents or Evidence Not Previously Disclosed

5. Evidence or testimony concerning any claims for injuries or damages not previously disclosed by Plaintiff

6. Reference to the financial disparity of the parties or the source of any award for damages

7. Other Allegedly Wrongful Conduct by Defendant

8. Disciplinary records of Officer Hedlund or any other officers

9. Complaints, Lawsuits, Claims or Allegations of Improper Conduct by Named Defendants or the City of Des Moines

10. Other Allegedly Wrongful Conduct by the City of Des Moines

11. Testimony about Mistreatment at Polk County Jail

12. Opinion and Commentary about Police Actions from Lay Witnesses

13. Any reference to or request for punitive damages

14. Testimony or references to resolved claims

15. Complaints about investigation of Mr. Williams' complaint against Officer Hedlund

16. Speculation by Mr. Williams

Dkt. 77 pp. 2-11. Hedlund did not file a brief as required by Local Rule 7(d) but submitted the entire discovery deposition of Paxton Williams (Dkt. 77-1).

In response, Williams indicates he does not resist Hedlund's motion as to the following topics: (2) argument or opinion that there was no basis for Williams' arrest; (3) settlement offers; (4) medical documents or evidence not previously disclosed; (5) evidence or testimony concerning any claims for injuries or damages not previously disclosed by plaintiff; (6) reference to the financial disparity of the parties or the source of any award for damages; (8) disciplinary records of Officer Hedlund or any other officers; (11) testimony about mistreatment at Polk County Jail; and (14) testimony or references to resolved claims. Consequently, Defendant's Motion in Limine is granted as to those topics. The parties, and their counsel, representatives, and witnesses, shall not present evidence of or make any reference to those topics while in the presence of the jury, either during jury selection or trial.

Under topic number 1, Hedlund contends certain text messages between Hedlund and other police officers relating to Williams should be excluded as evidence under Rules 401 and 403 because the text messages are not relevant and are more prejudicial than probative. Dkt. 77 p. 2. Hedlund emphasizes the text messages occurred "long after" the arrest of Williams and argues:

> The text messages are not relevant to the claims proceeding to trial. All of Mr. Williams's remaining claims deal with whether the force used by Officer Hedlund to arrest Mr. Williams was reasonable under the law. This is apparent with the claims for excessive force under the Fourth Amendment and the assault and battery claim. The claim for intentional infliction of emotional distress is also confined to the use of force as this Court found that the fact question that warranted it proceeding to trial was whether the force used was reasonable. Dkt. 60 p. 48. While the text messages discuss the arrest generally, they do not include details, evaluation of Officer Hedlund's conduct, or discussion of the force used. As such, the text messages are not relevant to the remaining claims. While the text messages may have been relevant to Mr. Williams's conspiracy claim, that claim is not proceeding to trial.
>
> The text messages are also more prejudicial than probative. They contain coarse

language and are likely to encourage jurors to be prejudiced against Officer Hedlund on a basis other than the facts relevant to the use of force. As such, the text messages should be excluded from evidence under Rule 403.

*Id.* In response, Williams contends the text messages are relevant to issues in the case:

> First, the Plaintiff makes an argument for intentional infliction of emotional distress. Plaintiff must therefore prove that Defendant either intentionally caused the emotional distress, or acted in reckless disregard of the probability of causing emotional distress. Malice and intent can be shown by evidence of subsequent conduct which shows a lack of remorse or sympathy. *State v. Menilla*, 158 N.W. 645, 652 (Iowa 1916).
>
> The text messages are also relevant to the question of punitive damages. The Plaintiff is not only allowed, but required, to offer evidence of a defendant's persistent course of conduct to show that the defendant acted with no care and with disregard to the consequences of those acts. *Wolf v. Wolf*, 690 N.W.2d 887, 893 (Iowa 2005). These text messages show Defendant's intent to persist in his course of conduct directed at Plaintiff. They are admissible as it pertains to punitive damages.

Dkt. 90 pp. 1-2. In reply, Hedlund argues, *inter alia*, "these long after the fact statements do little to nothing to inform jurors about Officer Hedlund's state of mind at the time he used force against Mr. Williams." Dkt. 91 p. 1.

The text messages at issue have been identified as plaintiff's exhibits 13, 14, and 15 in the Final Pretrial Conference Order (Dkt. 94) along with Hedlund's stated objections thereto. In the Court's opinion, under the present pretrial submissions, the objections to the admissibility of the text messages under Rules 401 and 403 are persuasive. Williams has not sufficiently shown, at this pretrial stage, the relevance of the contents of any of the text messages. And the Court is concerned any probative value of those text messages is substantially outweighed by the dangers of unfair prejudice to Hedlund, confusing the issues, and misleading the jury.

Therefore, Defendant's Motion in Limine as to topic number 1 is granted without prejudice to Williams establishing the admissibility of exhibit 13, 14, or 15 during trial. Until such a ruling is made, the parties, and their counsel, representatives, and witnesses, shall not present evidence

of or make any reference to exhibit 13, 14, or 15 while in the presence of the jury, either during jury selection or trial.

Under topic number 7, Hedlund broadly asserts Williams should be prohibited from "presenting any evidence of other allegedly wrongful actions by Officer Hedlund." Dkt. 77 p. 6. It is noted "[d]efendant is unaware of whether Mr. Williams intends to present any such evidence" but if "such evidence is proposed, it should be excluded" under "Rule of Evidence 404(b)(1) from being used to show that Officer Hedlund has any propensity to use excessive force." *Id.*[1]

In response, Williams resists this portion of the "motion only to the extent that he intends to offer evidence during the punitive phase of the case that there were other claims that have been found to be meritorious where Defendant Hedlund was a named defendant and violated the constitutional rights of other individuals." Dkt. 90 p. 3. Without any specification, Williams contends such evidence "is relevant and admissible as evidence of a defendant's persistent course of conduct to show that the defendant acted with no care and with disregard to the consequences of those acts." *Id.*

In reply, Hedlund "assumes that the other evidence Mr. Williams refers to in his resistance on this item is instances in [a case entitled *Dunn v. City of Des Moines*] in which Officer Hedlund was found to be part of a group that had violated the constitutional rights of individuals other than Mr. Williams." Dkt. 91 p. 3. Hedlund emphasizes those violations related to unlawful seizure claims and did not involve allegedly unconstitutional uses of force. *Id.* From Hedlund's perspective, such evidence should not be admitted even as to punitive damages. *Id.*

---

[1] Pursuant to Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

In the Court's opinion, under the present pretrial submissions, the objections to the admissibility of the unspecified evidence referred to by Williams is persuasive. Williams has not sufficiently shown, at this pretrial stage, the relevance of such evidence to the claim for punitive damages. In addition, the Court tends to agree with Hedlund that such evidence is prohibited under Rule 404(b)(1). And the Court is again concerned any probative value of such evidence is substantially outweighed by the dangers of unfair prejudice to Hedlund, confusing the issues, and misleading the jury.

Therefore, Defendant's Motion in Limine as to topic number 7 is granted without prejudice to Williams establishing at trial the admissibility of evidence that Hedlund violated the constitutional rights of other individuals. Until such a ruling is made, the parties, and their counsel, representatives, and witnesses, shall not present evidence of or make any reference to such evidence while in the presence of the jury, either during jury selection or trial.

Under topic number 9, Hedlund broadly contends "[a]ny complaints, lawsuits, claims or allegations against Officer Hedlund or other Des Moines Police Officers alleging the use of excessive force should be excluded" under Rules 403 and 404. Dkt. 77 p. 7. Hedlund refers to testimony by Williams during his discovery deposition as to "misconduct by law enforcement and force he believed to be excessive several times." *Id.* Hedlund also refers to Williams' deposition testimony regarding "evidence and information about other lawsuits arising from the 2020 civil unrest in Des Moines" *Id.* pp. 7-8. Williams responds as follows:

> The motion is very broad and Plaintiff is not aware of exactly what Defendant is trying to exclude from trial. Plaintiff resists to the extent this motion seeks to exclude Plaintiff's testimony about what he personally observed on the night of his arrest that forms the basis of this lawsuit. This evidence is relevant because it explains Plaintiff's reason for telling the officers that they were a "disgrace" when they marched by him standing in front of his home. This evidence is also relevant because it rebuts the Defendant's proposed evidence about the peaceful nature of the protestors at the Capitol during the time Plaintiff was attending the protests. In addition, Plaintiff intends to offer the testimony of Max Miller regarding his

observations of the protest from that same evening, immediately prior to Plaintiff's arrest. This testimony rebuts the Defendant's evidence about the nature of the protest immediately prior to arrest. In addition, Plaintiff intends to offer evidence in the form of testimony from Defendant during the punitive phase of the trial related to other founded claims against him for violating protestors' constitutional rights as it is evidence of a persistent course of conduct.

Dkt. 90 pp. 3-4. In reply, Hedlund asserts:

While Mr. Williams can testify to what he observed, he should be prohibited from testifying to his opinions and legal conclusions about such events. Taking testimony from Mr. Williams's deposition on page 39, he should be allowed to testify he saw police tackle someone on a bike. Further testifying that there was no provocation or instigation for that, that such actions were "clearly reckless and harmful, and clearly unconstitutional" should be prohibited. Williams Depo. Tr. 39:1-16. It is not appropriate for Mr. Williams to attempt to testify that other actions he saw were wrongful.

Dkt. 91 p. 4.

Given the broad, underdeveloped and speculative assertions of the parties, a definitive determination as to the admissibility of evidence as described under topic number 9 at this pretrial stage would be an inappropriate and unwarranted premature advisory opinion. Defendant's Motion in Limine is therefore denied as to topic number 9 without prejudice to the assertion of objections under applicable rules as to specific evidence actually proffered during trial.

Under topic number 10, Hedlund broadly contends "[t]he Court should prohibit Mr. Willaims, his attorney, and his witnesses from presenting evidence, allegations, or alluding to conduct by the City of Des Moines believed to be improper other than the arrest of Mr. Williams and related events." Dkt. 77 p. 8. From Hedlund's perspective, unless "directly related to the use of force against Mr. Williams," such evidence is irrelevant and should be excluded under Rules 401 and 403. *Id.* Hedlund similarly contends, broadly, that "the Court should prohibit evidence or discussion of illegal or unconstitutional actions by police outside the City of Des Moines or nationwide attempts at police reform." *Id.* Williams responds as follows:

Plaintiff intends to offer wrongful conduct by Defendant Hedlund and other officers

as witnessed by Paxton Williams and Max Miller on the night of his arrest, as detailed above. So to the extent the motion seeks to exclude that testimony, Plaintiff resists. Plaintiff does not intend to offer evidence of wrongful conduct by other cities. Plaintiff does not intend to reference the phrases mentioned in the trial, but does intend to ask broad questions about Black Lives Matter, Blue Lives Matter, and attending of other protests during voir dire and so resists a limitation to use of these phrases during voir dire.

Dkt. 90 p. 4. Hedlund merely states, in reply: "Mr. Williams and Mr. Miller should not be allowed to express opinions or legal conclusions about actions they observed." Dkt. 91 p. 4.

Once again, given the broad, underdeveloped and speculative assertions of the parties, a definitive determination as to the admissibility of evidence as described under topic number 10 at this pretrial stage would be an inappropriate and unwarranted premature advisory opinion. Defendant's Motion in Limine is therefore denied as to topic number 10 without prejudice to the assertion of objections under applicable rules as to specific evidence actually proffered during trial.

Under topic number 12, Hedlund broadly contends "[t]he Court should prohibit Mr. Williams from expressing legal or other expert opinions about matters in this case." Dkt. 77 p. 9. Hedlund generally refers to statements made by Williams in his deposition and an affidavit which Hedlund asserts are not relevant and should be excluded under Rules 401 and 403. *Id.* Williams resists, stating as follows:

> The Defendant's position on this motion relative to its position resisting Plaintiff's motion in limine seeking to exclude wrongful conduct by other protestors, is inconsistent. On the video right before his arrest, Plaintiff tells the police they are a "disgrace." Plaintiff's observations that evening prior to his use of that phrase explains why he said it to the police. He said it not because he was a threat, but because he truly believed that what he saw previously that night was disgraceful. Max Miller's testimony supports this conclusion that the actions of police were disgraceful.

> Similarly, Defendant seeks to argue that other protestors were violent or caused property damage to try to show why the Defendant acted the way he did when he arrested Plaintiff. Plaintiff and Max Miller, however, offer a counter-view as to what they saw that evening. Both saw an overwhelmingly peaceful protest, followed by excessive police response and aggression.

The evidence Defendant seeks to exclude is relevant both to explain Plaintiff's actions that night, and also to rebut the evidence being sought to be offered by Defendant.

Dkt. 90 pp. 4-5. Hedlund, in reply, argues:

Testimony from Mr. Williams and Mr. Miller that the law enforcement response they saw at the Iowa State Capitol was excessive is not relevant to whether the force used against Mr. Williams by Officer Hedlund was reasonable. It is an attempt to unfairly prejudice jurors against law enforcement generally and Officer Hedlund by extension. Such testimony is specifically prohibited by Rules 403 and 404(b)(1). All such evidence should therefore be excluded.

Dkt. 91 p. 4.

Once again, given the broad, underdeveloped and speculative assertions of the parties, a definitive determination as to the admissibility of evidence as described under topic number 12 at this pretrial stage would be an inappropriate and unwarranted premature advisory opinion. Defendant's Motion in Limine is therefore denied as to topic number 12 without prejudice to the assertion of objections under applicable rules as to specific evidence actually proffered during trial.

Under topic number 13, Hedlund contends "[t]he Court should prohibit Mr. Williams, his attorney, and his witnesses from testifying about or mentioning punitive damages prior to a ruling by the Court that the evidence presented supports a claim for such damages." Dkt. 77 p. 10. Williams does not resist given that trial will be bifurcated to have liability determined prior to presentation of evidence to the jury related to punitive damages. Dkt. 90 p. 5. Consequently, Hedlund's motion as to this topic is granted. The parties, and their counsel, representatives, and witnesses, shall not make any reference to punitive damages while in the presence of the jury prior to the bifurcated phase of trial as to punitive damages, if necessary.

Under topic number 15, Hedlund contends evidence of Williams' criticisms with the investigation by the police department into Williams' post-arrest complaint against Hedlund should be excluded under Rules 401 and 403. Dkt. 77 p. 11. Williams responds as follows:

Plaintiff intends to offer this evidence only during the punitive damages portion of the trial and so resists only to that portion of the trial. If the jury finds that Officer Hedlund did use excessive force, did intentionally inflict emotional distress, and did commit battery, then these complaints become relevant to the question of punitive damages. Plaintiff's complaints include that the investigation disregarded his valid complaints about the use of force, was delayed for years, included false information about him, and did nothing to address the other wrongful conduct directed at him, including the highly inappropriate text messages and thinly veiled threats to his law license. All of this is relevant evidence to the question of likelihood of repetition of the conduct, and therefore should be admitted during the punitive damages portion of the trial.

Dkt. 90 pp. 5-6. Hedlund replies as follows:

Mr. Williams's complaint about the investigation of his complaint focuses on the conduct of Sgt. Robinson, not the conduct of Officer Hedlund. Admission of testimony on this topic would again seek to prejudice jurors against Officer Hedlund based on the conduct of another individual. It should be excluded under rules 401 and 403. Suggestions that lack of  accountability could lead to repeat conduct are an attempt to relitigate the *Monell* claims that were decided in favor of Defendants and again make Officer Hedlund liable for the actions of the City as a whole with which Mr. Williams disagrees.

Dkt. pp. 4-5.

In the Court's opinion, under the present pretrial submissions, the objections to the admissibility of evidence related to the police department's investigation in response to Williams' complaint against Hedlund are persuasive. Williams has not sufficiently shown, at this pretrial stage, the relevance of such evidence to the claim for punitive damages against Hedlund personally; not as to the police department or other officers involved in the investigation. And the Court is again concerned any probative value of such evidence is substantially outweighed by the dangers of unfair prejudice to Hedlund, confusing the issues, and misleading the jury.

Therefore, Defendant's Motion in Limine as to topic number 15 is granted without prejudice to Williams establishing at trial the admissibility of such evidence. Until such a ruling is made, the parties, and their counsel, representatives, and witnesses, shall not present evidence of or make any reference to such evidence while in the presence of the jury, either during jury

selection or trial.

Finally, under topic number 16, Hedlund contends "[t]he Court should direct Mr. Williams from presenting speculative testimony during trial." Dkt. 77 p. 11. Hedlund refers to "multiple examples of improper speculation" made by Williams during his discovery deposition related to "the intent of law enforcement officers," "whether other individuals were injured," and "whether other individuals were protestors." *Id.* Hedlund asserts Williams lacks personal knowledge on those matters and such testimony should be excluded under Rule of Evidence 602. *Id.*[2] Williams responds as follows:

> Plaintiff does not intend to seek inadmissible evidence, including true speculative testimony. Defendant's motion, however, references matters that are not speculative, but instead were things directly witnessed by Mr. Williams. For example, both Mr. Williams and Mr. Miller testified about personally witnessing, and assisting, someone they saw was injured. It is not speculation because they saw the injuries themselves. This encounter is also relevant on multiple levels, including helping set forth the timeline as to when Plaintiff got back to his home, and why he called the police actions a "disgrace."
>
> Also, Defendant complains about the testimony given by Plaintiff in response to the questions they themselves asked him. Plaintiff's counsel does not intend to ask questions in the same way as Defendant's counsel during the deposition, and therefore there is no need for a motion in limine of this type of breadth. Plaintiff's counsel is well aware of the rules of evidence, and should Defendant's counsel believe a question asks for speculation, a trial objection would be appropriate for the question, rather than a pretrial ruling order the parties to comply with the Rules of Evidence. For these reasons, Plaintiff resists this motion.

Dkt. 90 p. 6. Hedlund replies:

> Mr. Williams speculated during his deposition about whether people were injured as he had done earlier in his affidavit filed with this court. Dkt. 37-3 p.8-13. While Mr. Williams saw force used, and he encountered one person who had been injured, he did not see force used against the person who was injured. As such, his affidavit statement that he "observed excessive use of force injure protestors, journalists, and bystanders" was speculative. Dkt. 37-3 p.9. As we found during his deposition, he could not distinguish protestors from bystanders. He did not see journalists injured.

---

[2] Rule 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."

> He similarly speculated that law enforcement actions chilled First Amendment rights. Dkt. 37-3 p.9. Mr. Williams can testify to what he saw, but his biased and opinionated speculation about what led up to what he saw, what was in the minds of other individuals (both law enforcement and not), and the consequences of what he saw should be excluded.

Dkt. 91 p. 5.

Once again, given the broad, underdeveloped and speculative assertions of the parties, a definitive determination as to the admissibility of evidence as described under topic number 16 at this pretrial stage would be an inappropriate and unwarranted premature advisory opinion. Defendant's Motion in Limine is therefore denied as to topic number 16 without prejudice to the assertion of objections under applicable rules as to specific evidence actually proffered during trial.

### III. CONCLUSION

As set forth above, Plaintiff's Motion In Limine (Dkt. 75) and Defendant's Motion In Limine (Dkt. 77) are granted in part and denied in part. Counsel shall inform their respective clients, representatives and witnesses about this order and instruct them to follow the Court's directives. Further, the parties, counsel and witnesses shall not make any reference before the jury, either during jury selection or trial, that any party filed a motion in limine in this case.

IT IS SO ORDERED.

Dated October 15, 2024.

_Stephen B. Jackson, Jr._

Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge